```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KINGVISION PAY-PER-VIEW LTD., as
Broadcast Licensee of the May 14, 2005
WRIGHT/TRINIDAD Program,

                        Plaintiff,
    -against-                                                    MEMORANDUM AND ORDER
                                                                 No. 06-CV-02510 (FB) (MDG)
JULIO VILLALOBOS, Individually and as
officer, director, shareholder and/or principal
of TAQUERIA LA MIXTECA REST. INC.
d/b/a TAQUERIA LA MIXTECA
RESTAURANT,

                        Defendants.
------------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
JULIE COHEN LONSTEIN, ESQ.
1 Terrace Hill, Box 351
Ellenville, NY 12428

**BLOCK, Senior District Judge:**

On May 22, 2006, plaintiff filed a complaint seeking damages for defendants' allegedly unauthorized interception and exhibition of a television program ("the Program") to which plaintiff held distribution rights. Defendants having failed to respond to the complaint or otherwise defend against this action, *see* Docket Entry #6 (Clerk's Notation of Default dated August 9, 2006), plaintiff moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect,*

*Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibit group*, 973 F.2d at 158.

By alleging that defendants intercepted the Program by means of an "illegal cable converter box or device," plaintiff has stated a claim under 47 U.S.C. § 553. *See International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1003 (2d Cir. 1993) (*"Sykes I"*). By alleging that defendants intercepted the Program by means of an "illegal satellite receiver," plaintiff has stated a claim under 47 U.S.C. § 605(a). *See International Cablevision, Inc. v. Sykes*, 75 F.3d 123, 133 (2d Cir. 1996) (*"Sykes II"*) (quoting 1984 U.S.C.C.A.N. 4746). Plaintiff has not, however, stated a claim under 47 U.S.C. § 605(e)(4), since the complaint contains no allegations that defendants were anything other than end users of an illegal device. *See Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *5 (E.D.N.Y. Oct. 5, 2005) (citing cases holding that § 605(e)(4) only applies to manufacturers and distributors).

"The Second Circuit has held that where a defendant is found to have violated *both* [§ 553 and § 605(a)], the court should award damages pursuant to 47 U.S.C. § 605." *Time Warner Cable of New York City v. Taco Rapido Rest.*, 988 F. Supp. 107, 110 (E.D.N.Y. 1997) (citing *Sykes I*, 997 F.2d at 1007). Relief available under that section includes damages, injunctive relief, attorney fees and costs. *See* 47 U.S.C. § 605(e)(3)(B).

Plaintiff's motion for entry of default judgment is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 47 U.S.C. § 605(e).

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 15, 2006